UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY SAM LADD,

    Plaintiff,

v.                                                      Case No. 3:25cv47-TKW-HTC

DIQUAN JONES,

    Defendant.
_____/

ORDER and
AMENDED REPORT AND RECOMMENDATION

On April 8, 2025, the undersigned issued a Report and Recommendation indicating this case should be dismissed without prejudice due to Plaintiff Anthony Ladd's failure to comply with Court orders. Doc. 6. Specifically, Ladd had failed to either file a complete motion to proceed *in forma pauperis* or pay the $405 filing fee.[1] *See* N.D. Fla. Loc. R. 5.3 (requiring that the filing fee or a motion to proceed *in forma pauperis* be submitted to the Court "simultaneously" with the complaint).

---

[1] Although the undersigned concludes the Court does not have subject-matter jurisdiction over Ladd's claim, the Court would still have the authority to rule on a motion to proceed *in forma pauperis*. *See e.g. Emrit v. Central Intelligence Agency*, 2021 WL 3686276 (D.D.C. Aug. 13, 2021) (granting plaintiff's motion to proceed *in forma pauperis* but dismissing case for lack of subject-matter jurisdiction); *Williams v. Alfa Ins. Agency*, 2008 WL 11425387 (N.D. Ala. Dec. 3, 2008) (same); *Randolph v. Beardsley*, 2010 WL 11651580 (M.D. Fla. Mar. 15, 2010) (denying plaintiff's motion to proceed *in forma pauperis* and dismissing case for lack of subject-matter jurisdiction).

After the April 8 Report and Recommendation was issued, Ladd filed a document asking the Court to "reopen" his case and indicated he is "willing to pay the entire filing fee in cash." Doc. 7. The case, however, has not been closed and therefore a motion to "reopen" is not applicable. Nonetheless, because Ladd is proceeding *pro se*, the Court will liberally construe the motion as one to reconsider the Report and Recommendation and will vacate the April 8 Report and Recommendation in favor of this Amended Report and Recommendation. Notably, even if the Court were to allow Ladd additional time to pay the full filing fee, the case would nonetheless be dismissed because this Court lacks subject-matter jurisdiction over his claim. Thus, the recommendation that this case be dismissed, *albeit* on different grounds, remains the same.

Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). When a federal court concludes it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety. *Id.*; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Federal courts must have one of three types of subject-matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction under 28 U.S.C. § 1331; or (3) diversity jurisdiction under 28 U.S.C. § 1332(a). *Baltin v. Alaron Trading Corp.*,

128 F.3d 1466, 1469 (11th Cir. 1997). "It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, … and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

Here, Ladd sues Diquan Jones, the owner of Kleen Kutz Lawn Care. Ladd alleges he purchased a 2014 Chevy Avalanche in January 2024 to use for the lawn care business. Although the vehicle was titled in both Ladd's and Jones' names at one point, Jones removed Ladd's name from the title and refuses to return the vehicle to Ladd. As relief, Ladd seeks the return of the vehicle.

Ladd's complaint does not establish this Court has subject-matter jurisdiction over his claim. *See* Fed. R. Civ. P. 8(a)(1) (a pleading that states a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction). The complaint does not implicate the Court's federal question jurisdiction because Ladd does not assert Jones violated any federal law and his allegations most closely resemble a conversion claim under Florida law. *See Senfeld v. Bank of Nova Scotia Tr. Co. (Cayman) Ltd.*, 450 So. 2d 1157, 1161 (Fla. 3d DCA 1984) ("Where a person having a right to possession of property makes demand for its return and the property is not relinquished, a conversion has occurred.").

Ladd also fails to allege any facts to support diversity jurisdiction. Ladd does not identify the citizenship of either himself or Jones, and he indicates they both

reside in Pensacola, Florida. Doc. 7; *see Beavers v. A. O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 777-78 (11th Cir. 2008) (noting plaintiffs have the burden of establishing: (1) each party's citizenship; and (2) that every plaintiff is diverse from every defendant). Furthermore, Ladd does not allege the amount in controversy exceeds $75,000, and it is unlikely a used 2014 Chevy Avalanche is worth more than $75,000. *See Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1342 (11th Cir. 2018) ("To invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000.") (citing 28 U.S.C. § 1332(a)). Based on the foregoing, the Court lacks subject-matter jurisdiction over Ladd's claim and this case should be dismissed without prejudice.

Accordingly, it is ORDERED:

1. The April 8, 2025 Report and Recommendation (Doc. 6) is VACATED.

2. Ladd's motion to reopen case (Doc. 7) is DENIED AS MOOT.

And it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE due to lack of subject-matter jurisdiction.

2. That the clerk close the file.

At Pensacola, Florida, this 25th day of April, 2025.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1.